UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COLIN YURICK,

                        **Plaintiff,**

    v.                                                   3:21-CV-00961

**TOWN OF VESTAL, POLICE OFFICER
JARED FIACCO, Shield No. Unknown, and
JOHN DOES and/or JANE ROES, Shield
Nos. Unknown,**

                        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

Plaintiff Colin Yurick filed this action in the Supreme Court of the State of New York, County of Broome, alleging both state and federal claims relating to an alleged unjustified shooting by Vestal Police Department causing Plaintiff to sustain two (2) gunshot wounds. *See* Dkt. 2 (State Court Complaint). On August 26, 2021, Defendants removed this action to this court, *see* Dkt. 1 (Notice of Removal), and on August 27, 2021 filed an answer to Plaintiff's complaint. *See* Dkt. 6 (Answer). On August 30, 2021, Plaintiff moved to remand this case to state court because on that date he had filed an amended complaint in state court that removed all federal claims. *See* Dkt. 7. On August 31, 2021, Defendants opposed this motion on the grounds that the state court no longer had jurisdiction over the matter and therefore the state-court amended complaint was a legal

1

nullity. *See* Dkt. 8. On the same date, Plaintiff filed an amended complaint in this court which Plaintiff contends removes all federal claims. Dkt. 9 (First Verified Amended Complaint)("Amended Complaint"). Defendants answered the Amended Complaint on September 1, 2021. Dkt. 10 (Answer). On the same date, based on the filing of the Amended Complaint and Defendant's Answer, the Court denied as moot Plaintiff's Dkt. 7 motion to remand. Dkt. 11 (Text Order). On September 17, 2021, Plaintiff again moved to remand the action to state court. Dkt. 12. This time Plaintiff argued that without federal question jurisdiction arising from the allegations in the Amended Complaint, and given the early stage of the case, the Court should decline to exercise supplemental jurisdiction over the state-law causes of action contained in the Amended Complaint and remand the matter to state court. *Id*. In light of the filing of this motion to remand, the Rule 16 initial conference scheduled before Magistrate Judge Miroslav Lovric, and the deadlines to file the Civil Case Management Plan and exchange Mandatory Disclosures, were stayed pending the outcome of this motion. Dkt. 13 (Text Order). Defendants oppose the instant motion to remand, Dkt. 14, and Plaintiff files a reply. Dkt. 15. The matter is now ripe for adjudication.

## II.  BACKGROUND

The State Court Complaint and the Amended Complaint filed in this court are based upon the same factual allegations. Plaintiff contends that on May 13, 2020 at approximately 10:00 PM, his vehicle became disabled as he was driving on Route 17 in the Town of Vestal, New York. Defendant Fiacco, a Town of Vestal police officer, responded to a call reporting a disabled vehicle. Plaintiff contends that Fiacco approached

2

the vehicle and engaged in a conversation during which Plaintiff answered all questions posed to him, never raised his voice, never argued with Fiacco, and never did anything that Fiacco told him not to do.  However, Plaintiff asserts, a minute and half into the questioning, Fiacco discharged his service revolver nine times, hitting Plaintiff twice. Plaintiff asserts that he did nothing to justify Fiasco's decision to shoot him.

Plaintiff contends that Fiacco immediately radioed "shots fired, shots fired," and Defendants Does and Roes responded within minutes. Plaintiff further contends that although he was shot twice and was in obvious need of medical care, the defendants left him in his vehicle for over three hours.  He asserts that the delay in receiving medical treatment caused catastrophic injuries. Plaintiff also contends that following his arrest, Fiacco falsely stated to the District Attorney's Office and in a grand jury that Plaintiff had pointed a black handgun at him.

As defense counsel indicates, the State Court Complaint had eight claims for relief as follows:

> 1st- N,Y. State Law-False Arrest.
> 2nd-N.Y. State Law-Assault & Battery.
> 3rd-N.Y. Civil Rights Law-§ 28 failure to provide medical care.
> 4th-Negligence.
> 5th-42 U.S.C. § 1983 fabrication of evidence.
> 6th-42 U.S.C. § 1983 failure to provide medical care.
> 7th-42 U.S.C. § 1983 false arrest.
> 8th-42 U.S.C. § 1983 excessive force.

Dkt. 2.

The Amended Complaint filed in this court has the following claims for relief:

> 1st- N.Y. Law-false arrest.
> 2nd-N.Y. Law-assault & battery.
> 3rd-N.Y. civil rights law§ 28-failure to provide medical care.
> 4th-negligence.

3

> [There is no 5th claim listed].
> 6th-negligent infliction of emotional distress.
> 7th-negligent hiring, retention, training and supervision.
> 8th- failure to intervene.

Dkt. 9.

Plaintiff concedes that federal question jurisdiction existed at the time this case was removed. Dkt. 12-2 at 3. However, he asserts that in light of the filing of the Amended Complaint "which is devoid of any federal claims," and given the early stage of this case, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.* at 2-4. Relying on *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), Plaintiff contends that if the Court declines to exercise supplemental jurisdiction over the state law claims, the Court should remand the matter to state court as opposed to simply dismissing the state law claims. *Id.* at 4-5.

In opposition to the instant motion, defense counsel references Plaintiff's state court criminal guilty plea to attempted menacing of a police officer on the date in issue which, defense counsel contends, undermines the false arrest claim and the other causes of action "which evolved from the false arrest claim." Def. Mem. L. at ¶ 2.[1] Defense counsel also argues:

> The First Amended Complaint is a poor attempt at camouflaging the

---

[1] Defense counsel also indicates that Plaintiff has been extradited to Pennsylvania to face charges in a shooting; that the defense is prepared to file a motion to dismiss in this case; and provides defense counsel's personal observations of the federal court system. *See generally*, Def. Mem. L. These arguments do not address the pertinent questions whether there are no longer federal question claims in this matter, if so whether the Court should decline to exercise supplemental jurisdiction over the remaining state law claims, and if the court so declines whether it should dismiss the state law claims or remand them to state court.

> Amended Complaint[2] to make it appear as a sole N.Y. State action. The reality is that the disguise is about as effective as combat troops wearing white at night in the absence of snow. The allegations remain the same save for the substitution of the negligent hiring, retention, training and supervision claims which are part and parcel in many federal lawsuits. There is not one allegation over which federal court does not have jurisdiction over.

Def. Mem. L. at ¶ 8.

### III.   DISCUSSION

"Generally, 'a motion to remand is evaluated on the basis of the allegations as pleaded at the time of removal.'" *Mogul v. New York Pub. Radio*, No. 21-CV-5882 (CM), 2022 WL 814356, at *3 (S.D.N.Y. Mar. 17, 2022)(quoting *McCulloch Orthopedic Surgical Servs., PLLC v. United Healthcare Ins. Co. of New York*, 2015 WL 3604249, at *3 (S.D.N.Y. June 8, 2015), in turn citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n. 2 (2d Cir. 2003)(per curiam)). As indicated, Plaintiff concedes that federal question jurisdiction existed at the time this case was removed. "[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction.'" *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2nd Cir. 2015) (quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n. 6 (2007)); *see*, *e.g.*, *MCredit, Inc. v. City of Waterbury*, 651 F. Supp. 2d 1, 6–7 (D. Conn. 2009)("The City is correct in noting that courts generally look unfavorably on a plaintiff's attempts to defeat federal jurisdiction in a removed case by amending its complaint to excise the federal claims.")(citing *Bennett v. Beiersdorf, Inc.*, 889 F. Supp. 46, 48 (D. Conn.1995) ("[I]t is quite clear from the fact that

---

[2] Given the context in which the statement is made, the Court presumes that defense counsel is referring to the State Court Complaint because the First Amended Complaint filed in this court, and State Court Amended Complaint, are identical save for their dates and the courts in which they were filed.

5

plaintiff filed a motion for remand at the same time as the motion to amend, and that the motion to remand is based in part on lack of subject matter jurisdiction, that she is attempting to drop her federal claim in order to return to state court. This is not an acceptable maneuver.")).

> However, "there are post-removal changes to a complaint that can deprive a federal court of jurisdiction." *Spehar v. Fuchs*, 2003 WL 23353308, at *7 (S.D.N.Y. June 18, 2003). Notably, "when plaintiffs drop their federal claims, federal courts have the discretion to determine whether to remand the state claims or to retain the supplemental jurisdiction that was acquired at the time of removal under 28 U.S.C. § 1367." *Id.* "[I]n making this determination, the district courts must weigh 'the values of judicial economy, convenience, fairness, and comity,' and consider whether the party seeking remand had engaged in forum manipulation." *Id.* (quoting *Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). While mere "manipulation" is not "dispositive," *id.* at *10, where (i) "Plaintiffs moved for leave to amend and remand immediately after removal;" (ii) that "amendment disposes entirely of their federal claim" in a "pre-answer stage;" (iii) where "no discovery has taken place; and (iv) where the judge has not yet "been asked to rule on any substantive motions," "the balance of factors – judicial economy, convenience, fairness, and comity" may very well "weigh in favor of remand." *Id.* at *11.

*Mogul*, 2022 WL 814356, at *3.

Defense counsel is correct that the Court obtains supplemental jurisdiction over state law claims filed in connection with federal claims, and federal courts routinely resolve these claims. However, "a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). As indicated above, this proposition can hold true when a plaintiff amends his or her complaint to remove federal-question claims.

Although the defendants appear to argue that Plaintiff has engaged in forum

6

manipulation because the Amended Complaint is a thinly veiled attempt to assert federal claims under the guise of state law claims, the defendants have not identified any particular claim in the Amended Complaint that asserts a federal claim. Each of the claims is based upon conduct which Plaintiff contends violated New York State law. *See generally*, Am. Compl. While several of the claims have federal counterparts, the defendants have not established that any of the claims can only be maintained under federal law. *See Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011)(The defendants, as the removing party, "bear[] the burden of showing that federal jurisdiction is proper."). That being the case, and given the early stage of this case during which formal discovery has not commenced and the Court has not ruled on a substantive motion directed at Plaintiff's claims, the Court balance of judicial economy, convenience, fairness, and comity weigh in favor of the Court declining to exercise supplemental jurisdiction over the claims in the Amended Complaint.

The Court must now decide whether to dismiss the state law claims or remand them to state court. The Supreme Court's decision in *Cohill*, 484 U.S. 343, is directly applicable to the present motion.

> In that case, the plaintiffs had brought an action in state court alleging several state-law claims and a single federal-law claim. The defendants had removed the case to federal court pursuant to 28 U.S.C. § 1441(a). . . . The plaintiffs subsequently amended the complaint to delete the claim under federal law which had been the basis for removal. The Supreme Court held that the district court had acted properly in granting the plaintiff's motion to remand the case to the state court in which the plaintiffs had initially filed the action.

*Certilman v. Becker*, 807 F. Supp. 307, 309 (S.D.N.Y. 1992).

The *Cohill* Court enumerated a number of circumstances which would support a

remand rather than a dismissal once a district court decides not to exercise supplemental jurisdiction over a case. These include whether the statute of limitations on the plaintiff's state-law claims would operate as a time bar if the lawsuit were dismissed, 484 U.S. at 352, and whether the values of economy, convenience, fairness and comity are best promoted by a remand. *Id.* at 353.  Here, these circumstances weigh in favor of remand. Further, in light of the fact that Plaintiff moved almost immediately upon removal to amend his complaint to drop the federal-question claims, and then promptly moved to remand this action to state court, the Court finds that whatever forum manipulation Plaintiff engaged in is not sufficient to override his request to return this case to his chosen forum.  *See Mogul*, 2022 WL 814356, at *7 (remanding case under similar circumstances); *see also O'Brien & Gere Ltd. v. Bus. Software All.*, 5:07-CV-1174 (NPM/GJD), 2008 WL 268430, at *3 (N.D.N.Y. Jan. 30, 2008)(Stating in addressing the plaintiff's cross-motion to remand that "[i]t is well-settled law that unless the balance of law is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.")(citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947)).  The Court will grant Plaintiff's motion for remand.

## IV.     CONCLUSION

For the reasons stated above, Plaintiff's motion to remand this action to state court, Dkt. 12, is **GRANTED**, and this action is **REMANDED** to the Supreme Court of the State of New York, County of Broome.

**IT IS SO ORDERED.**

Dated: August 24, 2022

Thomas J. McAvoy
Senior, U.S. District Judge

8